UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSHEF RENOLDA MCNEALEY | : | CIVIL ACTION NO. 2:12-cv-2135 |
| VERSUS | : | JUDGE MINALDI |
| J. P. YOUNG | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by petitioner, Joshef Renolda McNealey, filed on August 9, 2012.

At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons ("BOP") and was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). Petitioner is currently housed at a CCM Montgomery located in Montgomery, Alabama.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Background

Petitioner was a BOP inmate serving a 27 month sentence imposed by the United States District, Middle District of Alabama (Dothan). *USA v. McNealey,* 1:11-cr-41 (M.D. Ala.). Petitioner complains that he was denied appropriate consideration for full term placement in a residential reentry center ("RRC") in accordance with the Second Chance Act. More specifically, he states that BOP regulations regarding RRC placement is contradictory to the

---

[1] *See* Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Apr. 24, 2013).

legislation. As relief for the above, petitioner asks for this court to order the BOP to promptly consider him for an immediate transfer to a residential re-entry center.

## Law and Analysis

Petitioner does not attack his conviction. Rather, he seeks to be transferred to the appropriate facility. The Bureau of Prisons website indicates that petitioner has already received the transfer he now requests.[2]

Federal courts lack jurisdiction to entertain a suit in the absence of a justiciable "case or controversy." *See* U.S. Const. Art. III, § 2. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kenna*, 523 U.S. 1 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Petitioner's transfer from custody deprives him of a stake in the outcome in the present litigation. *See e.g. Bailey v. Southerland*, 821 F.2d 277, 278–79 (5th Cir.1987) (per curiam). Because an Article III case or controversy no longer exists, the court lacks jurisdiction over petitioner's application.

## Recommendation

For the reasons previously discussed, it is recommended that the petition be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and

---

[2] CCM Montgomery is an RRC facility. *See* Bureau of Prisons, CCM Montgomery Contact Information, http://www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facilityCode=cmy (last visited Apr. 24, 2013); *see also* Bureau of Prisons, Residential Reentry Management, http://www.bop.gov/locations/cc/index.jsp (last visited Apr. 24, 2013).

Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 15th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE